# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

v.

ZALDY N. SABINO

Defendant.

Case Number: 1:19CR109-001

USM Number: 93292-083

Defendant's Attorney: Mike Guzman, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2, 7-14 and 15-17 after a plea of not guilty.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | Felony | Early 2017 | One |
| 18 U.S.C. § 201(b)(2) | Bribery | Felony | July 22, 2015 | Two |

On motion of the United States, the Court has dismissed the remaining counts in the indictment (Count Three, Four, Five, and Six) as to defendant ZALDY N. SABINO.

As pronounced on February 14th, 2020, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 14th day of February, 2020.

Liam O'Grady
United States District Judge

Defendant's Name:      SABINO, ZALDY N.
Case Number:           1:19CR109-001

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | September 30, 2014 | Seven |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | December 9, 2014 | Eight |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | January 14, 2015 | Nine |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | May 11, 2015 | Ten |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | April 15, 2014 | Eleven |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | May 19, 2014 | Twelve |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | January 31, 2015 | Thirteen |
| 18 U.S.C. §§ 1343 and 1346 | Honest Services Wire Fraud | Felony | February 28, 2015 | Fourteen |
| 18 U.S.C. §§ 1001(a)(2) and 2 | False Statements | Felony | February 13, 2015 | Fifteen |
| 18 U.S.C. §§ 1001(a)(2) and 2 | False Statements | Felony | January 15, 2016 | Sixteen |
| 18 U.S.C. §§ 1001(a)(2) and 2 | False Statements | Felony | November 5, 2015 | Seventeen |

Defendant's Name: SABINO, ZALDY N.
Case Number: 1:19CR109-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHTY-SEVEN (87) MONTHS with credit for time served. This term of imprisonment consists of a term of SIXTY (60) MONTHS on Count One and a term of EIGHTY-SEVEN (87) MONTHS on Counts Two and Seven thru Fourteen, and a term of TWENTY-FOUR (24) MONTHS on Counts Fifteen thru Seventeen; all counts are to run concurrently to each other.

The Court makes the following recommendations to the Bureau of Prisons:
    The defendant be placed at a facility in Morgantown, WV or similar minimum-security facility.
    The defendant be placed at a facility where his medical needs will be addressed.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: SABINO, ZALDY N.
Case Number: 1:19CR109-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of a term of THREE (3) YEARS on Counts One, Two, Seven thru Fourteen and Fifteen thru Seventeen, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name: **SABINO, ZALDY N.**  
Case Number: **1:19CR109-001**

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. The defendant is prohibited from engaging in any aspect of the contracting business, or any similar occupation where the defendant would have access to money.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall provide the probation officer access to any requested financial information.

4. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the probation officer.

Defendant's Name: SABINO, ZALDY N.
Case Number: 1:19CR109-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One | $100.00 | $25,000.00 (total) | $0.00 |
| Two | $100.00 | $25000.00(total) | $0.00 |
| Seven | $100.00 | $25000.00(total) | $0.00 |
| Eight | $100.00 | $25000.00(total) | $0.00 |
| Nine | $100.00 | $25000.00(total) | $0.00 |
| Ten | $100.00 | $25000.00(total) | $0.00 |
| Eleven | $100.00 | $25000.00(total) | $0.00 |
| Twelve | $100.00 | $25000.00(total) | $0.00 |
| Thirteen | $100.00 | $25000.00(total) | $0.00 |
| Fourteen | $100.00 | $25000.00(total) | $0.00 |
| Fifteen | $100.00 | $25000.00(total) | $0.00 |
| Sixteen | $100.00 | $25000.00(total) | $0.00 |
| Seventeen | $100.00 | $25000.00(total) | $0.00 |
| **TOTALS:** | **$1300.00** | **$25000.00** | **$0.00** |

## FINES

The defendant shall pay a fine of $25,000.00 as to counts 1, 2, 7-14 and 15-17.

## RESTITUTION

No restitution has been imposed in this case.

Defendant's Name: **SABINO, ZALDY N.**
Case Number: **1:19CR109-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment is due and payable immediately. Any balance remaining unpaid on the fine at the inception of supervision, shall be paid by the defendant in installments of not less than $500.00 per month, or an amount to be determined by the probation officer, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

The defendant shall forfeit the defendant's interest in the following property to the United States:

SEE Order of Forfeiture entered by the Court on a date TBD.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.